*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0725**

Larry Kenneth Alexander,
Appellant,

vs.

Tyson's Towing and Transport LLC,
Respondent,

GSIC Southview LLC, et al.,
Respondents.

**Filed November 24, 2025
Affirmed
Schmidt, Judge**

Dakota County District Court
File No. 19HA-CV-23-5080

Larry Kenneth Alexander, Mendota Heights, Minnesota (pro se appellant)

Malcolm P. Terry, Bernick Lifson, P.A., Minneapolis, Minnesota (for respondents GSIC Southview LLC, et al.)

Considered and decided by Bratvold, Presiding Judge; Schmidt, Judge; and Bentley, Judge.

**NONPRECEDENTIAL OPINION**

**SCHMIDT**, Judge

Appellant Larry Kenneth Alexander argues that the district court erred in continuing the parties' summary-judgment hearing, granting respondents GSIC II Southview, LLC, and Greystar Management Services, L.P.'s (collectively, the apartment complex) motion

for summary judgment, and dismissing his claims against respondent Tyson's Towing and Transport, LLC. We affirm.

## FACTS

Alexander is a tenant of an apartment complex owned by GSIC II Southview and managed by the apartment complex. Alexander's lease includes the following language:

> We may regulate the time, manner, and place of parking cars, trucks, motorcycles, bicycles, boats, trailers, and recreational vehicles by anyone. We may have unauthorized or illegally parked vehicles towed under an appropriate statute. A vehicle is unauthorized or illegally parked in the apartment community if it: . . . is parked in a marked handicap space without the legally required handicap insignia[.]

The lease also states:

> Any vehicles which are improperly parked or are in violation of this Addendum, the terms of the Lease or Community Rules will be towed at your expense. You agree that we shall not be liable to you for damages related to the physical towing nor any consequential damages you may incur through loss of use of the vehicle(s).
> . . . .
>
> Any action by you . . . that violates this Addendum shall constitute a violation of the Lease Contract.

The apartment complex emailed its residents and posted notices stating that residents were not allowed to park in a designated area from September 25 to September 29, 2023 because of construction work on a building. A notice was placed on the windshield of Alexander's truck—which was parked in the restricted area—on September 21. Alexander did not move his truck. Tyson's Towing towed Alexander's truck on September 25. Nearly two months later, Tyson's Towing towed Alexander's other

2

vehicle, an SUV, from the parking lot at the apartment complex because it was parked "in a handicapped designated parking space without a government-issued handicapped parking placard, decal, or plate displayed."

Alexander sued Tyson's Towing and the apartment complex. Alexander did not properly serve the amended complaint on either defendant. Neither defendant formally responded to Alexander's amended complaint.

Alexander filed a second amended complaint. Alexander did not seek leave of court to file his second amended complaint as required by Minnesota Rule of Civil Procedure 15.01, but the district court did not dismiss the filing. Alexander alleged seven claims in his second amended complaint: (1) breach of lease contract; (2) deprivation of quiet enjoyment; (3) violation of Minnesota's civil theft statute (Minn. Stat. § 604.14 (2024)); (4) negligence; (5) negligent infliction of emotional distress; (6) vicarious liability; and (7) declaratory relief. Alexander did not properly serve Tyson's Towing with the second amended complaint.

The apartment complex answered Alexander's second amended complaint. The district court issued a scheduling order, which stated in part, that "[a]ll non-dispositive and dispositive motions shall be filed and heard by: October 18, 2024."

Four days after the dispositive motion deadline, the apartment complex filed a memorandum, an affidavit, and a proposed summary-judgment order. The apartment complex did not, however, file a notice of motion and motion. Alexander argued the motion was "untimely and improper" because it violated the scheduling order.

3

The parties appeared for the summary-judgment hearing, and the district court heard arguments about the untimeliness of the apartment complex's motion. The district court denied the apartment complex's request to move forward with the motion that day, continued the motion hearing to a later date, and amended its scheduling order.

The apartment complex refiled its motion paperwork, including a notice of motion and motion, ahead of the continued hearing. Alexander filed a responsive notice of motion, which requested default judgment against Tyson's Towing, summary judgment against the apartment complex, and an order to compel defendants to produce specific discovery items. Alexander did not properly serve his filings on either defendant.

The parties, including Tyson's Towing, appeared for the continued motion hearing.[1] Alexander and the apartment complex argued their respective motions for summary judgment, and Tyson's Towing stated that it was never properly served. The district court (1) denied Alexander's motion to compel; (2) dismissed Alexander's claims against Tyson's Towing for lack of service; (3) denied Alexander's motion for summary judgment; and (4) granted the apartment complex's motion for summary judgment.

Alexander appeals.

---

[1] Tyson's Towing was not served with any of Alexander's filings. It is unclear from the record how Tyson's Towing learned of the continued hearing date.

**DECISION**

Alexander contends that the district court abused its discretion by (1) dismissing his claims against Tyson's Towing and (2) continuing the summary judgment hearing; and erred by (3) granting the apartment complex's motion for summary judgment.[2]

## I. The district court did not abuse its discretion when it dismissed Alexander's claims against Tyson's Towing for improper service.

First, we address Alexander's claims against Tyson's Towing. Alexander argues that the district court abused its discretion when it dismissed his claims against Tyson's Towing. "A [district] court's dismissal of an action for procedural irregularities will be reversed on appeal only if it is shown that the [district] court abused its discretion." *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn. 1990) (reviewing dismissal for failure to comply with statutory requirements); *Juetten v. 11 LCA-Vision, Inc.*, 777 N.W.2d 772, 775 (Minn. App. 2010) (stating district court's dismissal for procedural irregularities reversed only for abuse of discretion), *rev. denied* (Minn. Apr. 28, 2010).

Under Minnesota Rule of Civil Procedure 3.01, "[a] civil action is commenced against each defendant . . . when the summons is served upon that defendant." Under rule 4.03(c), service upon a corporation is effectuated "by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons." Minn. R. Civ. P. 4.03(c).

---

[2] Alexander also argues that the district court exceeded its authority when it continued the summary judgment hearing, and that the district court erred when it denied his motion for summary judgment. Because we affirm on the first three issues listed above, we need not address these arguments.

Alexander did not properly serve Tyson's Towing with any of his complaints. When Alexander first tried to serve his complaint on Tyson's Towing, he filed an affidavit indicating that an individual personally served the summons and amended complaint "on Tyson's Towing and Transport L.L.C. . . . by handing a true and correct copy of these documents upon a person of suitable age and discretion." But, as the district court determined, that service attempt failed to comply with rule 4.03(c) because there is no evidence that the person who received the summons and complaint was an officer or managing agent of Tyson's Towing.

When Alexander attempted a second time to serve his complaint on Tyson's Towing, he requested the Minnesota Secretary of State to mail the summons and complaint to Tyson's Towing. As the district court explained, "[s]ervice on [Tyson's Towing] was not effectuated on account of it being attempted by the Minnesota Secretary of State—and their notice cautions against exactly this assumption." The district court also explained that "[h]aving the Minnesota Secretary of State mail [the summons and second amended complaint] does not" satisfy rule 4.03(c).

At the continued motion hearing, the owner of Tyson's Towing appeared pro se and engaged in the following exchange with the district court:

> THE COURT: Actually, what I would like to know from you is if you believe you were properly served with the Complaint against you in this matter.
>
> OWNER: No.
>
> THE COURT: And why do you believe that?

6

> OWNER: This is the first time I've—this is the first time I've even heard about any kind of judgment or anything, any kind of decisions. And when I did hear about it, that's why I'm here today, to defend and to produce any evidence and anything that he's saying. Everything that was—that we did on our behalf was done correctly and as it should.

The district court found "that [Tyson's Towing] was not properly served" and "was not provided with adequate fair notice of this litigation at this late stage."[3] The district court did not abuse its discretion when it dismissed Alexander's claims against Tyson's Towing.

## II. Alexander's summary-judgment arguments fail.

We next address Alexander's two arguments related to his claims against the apartment complex. Alexander argues that the district court abused its discretion when it continued the summary-judgment hearing. Alexander also argues that the district court improperly consider the apartment complex's evidence. We address each argument in turn.

### A. The district court did not abuse its discretion when it continued the summary judgment hearing.

Alexander argues that the district court abused its discretion by amending its scheduling order after the dispositive motion deadline expired. We review a district court's decision to amend its discovery order for an abuse of discretion. *Mercer v. Andersen*, 715 N.W.2d 114, 123 (Minn. App. 2006). "The district court has broad discretion to amend scheduling-order deadlines[.]" *Id.*

---

[3] Although the district court acted well within its discretion in dismissing all claims against Tyson's Towing for lack of service, the order erroneously states that Tyson's Towing requested dismissal. The record does not show any formal or informal request for dismissal by Tyson's Towing. But this error is harmless, as the district court acted within its discretion in dismissing the claims against Tyson's Towing for failure to comply with the rules of civil procedure. *See* Minn. R. Civ. P. 41.02.

Alexander argues that the district court abused its discretion when it considered the apartment complex's summary-judgment motion because the apartment complex failed to provide proper notice of the motion ahead of the original hearing date as required by the rules of civil procedure. *See* Minn. R. Civ. P. 56.02 ("[I]n no event shall [a] motion be served less than 14 days before the time fixed for the hearing. Unless the court orders otherwise, a party may not file a motion for summary judgment more than 30 days after the close of all discovery."). We are not persuaded.

The district court rejected the apartment complex's attempt to argue the merits of the summary-judgment motion at the initial hearing. Instead, the court considered each party's argument about how to proceed and then continued the hearing to a later date and amended the scheduling order. The amended scheduling order provided Alexander ample notice and an opportunity to respond. The district court acted within its broad discretion— and in accordance with the rules—in amending the scheduling order. *See* Minn. Gen. R. Prac. 111.04 (stating that a scheduling order may be amended for good cause).

### B. The district court did not err in granting the apartment complex's motion for summary judgment.

Alexander argues that the district court erred when it granted the apartment complex's motion for summary judgment. We review a grant of summary judgment de novo. *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). In doing so, we determine whether the court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment. *Id.*

8

**1. Alexander's arguments related to the photos of his vehicle fail.**

Alexander argues that the district court erred in considering the photographs of Alexander's improperly parked vehicles and contends that the apartment complex and Tyson's Towing colluded to conceal discovery materials from him. We disagree.

In considering Alexander's foundational objections, the district court stated:

> Foundation for the photographs can be properly laid by the [apartment complex], as to where they came from and how they acquired them, through testimony at trial. Accordingly, they are admissible at trial presuming foundation is properly laid then. For the motions at issue, counsel for the [apartment complex] has them properly attached and sworn as true and correct to his affidavit. The [district court] overrules [Alexander's] other evidentiary objections against these photographs. Thereby, they are properly before the [district court] now and will be considered with these motions.

On appeal, Alexander argues that the apartment complex relied on the affidavit of their counsel "who purported to attach and authenticate . . . photographs of signage" despite not being a witness with firsthand knowledge of the events. But the attorney's affidavit did not aver that the attorney could testify to the events. Instead, the attorney's affidavit attests that the photographs were sent from Tyson's Towing to the apartment complex and then sent to the attorney, who attached the photographs to the affidavit.

Besides the attorney's affidavit, the apartment complex provided an affidavit from the apartment-complex manager, which addressed the source of the photographs:

> [D.S.], being first duly sworn on oath, states:
>
> 1. I am Community Manager for [the apartment complex] . . . .

9

2.     [Tyson's Towing] is not an affiliate of [the apartment complex] and is nothing more than a towing company used by [the apartment complex].

3.     Tyson takes and provides photos of each car at the time of towing to document the condition and reason for the tow and sends those at that time to the [apartment complex] office in the normal course of business.

4.     Notices of the roofing construction project were placed throughout the building and I and a leasing professional from the office put the notice on the Box Truck on September 21, 2023, and it sat on the truck until it was towed on September 25, 2023.

5.     [Alexander] had opted out of portal email communications from the site.

This affidavit laid adequate foundation for the photographs. Although, for foundational purposes, the best practice is to have a witness with firsthand knowledge attach exhibits to affidavits filed in support of a summary-judgment motion, we conclude that the district court properly considered the evidence.

The district court also properly rejected Alexander's objections related to the discovery process. In rejecting the contention that the apartment complex and Tyson's Towing colluded to conceal discovery from Alexander, the district court determined that:

> [The apartment complex] argue[s] that they are not in collusion with Tyson's Towing, nor have they discussed any aspect of this litigation with them. They state that they did obtain the photographs and receipts from Tyson's Towing upon their request for them because they were in privity to these materials. They argue this does not amount to collusion, nor that they are responsible for Defendant Tyson's Towing not participating in this matter.
>
> [The apartment complex is] correct. During discovery, parties are obliged to turn over relevant materials they have in

their "possession, custody, or control" that they may use to support their claims or defenses. Minn. R. Civ. P. 26(a)(1)(B). The photographs were in the [apartment complex's] custody or control because they had Tyson's Towing tow the vehicles, so they requested them from Tyson's Towing. This is typical procedure during discovery and does not amount to collusion or a conspiracy against [Alexander].

Besides the district court's findings that reject the collusion arguments, Alexander had the photographs in his possession. The apartment complex's attorney first sent the photographs to Alexander when the parties were attempting to settle the case. Alexander received the photographs a second time when the apartment complex produced the photographs in response to Alexander's requests for production of documents during discovery. The district court properly overruled Alexander's objections and appropriately considered the photographs when deciding on the summary-judgment motion.

### 2. The district court did not err in granting the summary-judgment motion.

Alexander argues that the district court erred in granting summary judgment to the apartment complex. "The [district] court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Minn. R. Civ. P. 56.01. In ruling on the merits of a motion for summary judgment, the district court must view the evidence in a light most favorable to the nonmoving party. *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn. 1992). To survive a summary-judgment motion, the nonmoving party must establish that there is a genuine issue of material fact. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997).

Besides the consideration of the photographs of his vehicles—which we addressed and rejected above—Alexander does not contend that there are any genuine disputes of material fact. We turn to the merits of each of Alexander's claims.

First, Alexander's breach-of-lease claim fails because the terms of the lease authorized the apartment complex to tow vehicles parked illegally or without authorization. The photographs established that Alexander's vehicles were improperly parked. The undisputed facts show that the apartment complex did not breach the lease.

Second, the deprivation-of-quiet-enjoyment claim fails because there is no dispute over title or ownership of the vehicles. *Rasmussen v. Hous. & Redevelopment Auth.*, 712 N.W.2d 802, 805 (Minn. App. 2006) ("Minnesota courts have discussed the covenant of quiet enjoyment, describing a breach of the covenant as '[w]hen an outstanding superior title is asserted in hostility to the title of the covenantee.'"), *rev. denied* (July 19, 2006).

Third, Alexander's civil-theft claim fails because towing a vehicle is not theft since there is no intent to permanently deprive the owner of possession. *See* Minn. Stat. § 609.52, subd. 2(a)(1) (2024) ("Whoever . . . intentionally and without claim of right takes, uses, transfers, conceals or retains possession of movable property of another without the other's consent and with intent to deprive the owner permanently of possession of the property . . ." has committed theft). Plus, Alexander consented to the terms of the lease, which stated that an imporplery-parked vehicle will be towed.

Fourth, Alexander's negligence claim fails as a matter of law because he failed to identify a legal duty that defendants owed to him. A duty of care must be established to

12

prove a negligence claim.[4] *See Anderson v. State, Dep't of Nat. Res.*, 693 N.W.2d 181, 186 n.1 (Minn. 2005) (listing existence of a duty as an element of a negligence claim). Alexander has not alleged a duty of care that existed independent of the lease, which we have concluded authorized the apartment complex to tow the vehicles.

Fifth, Alexander's request for declaratory relief for violation of Minnesota Statutes section 169.346 (2024), fails. Under section 169.346, subdivision 2a, the apartment complex is required, as the owner/manager of private property, to ensure compliance with disability parking laws. *See* Minn. Stat. § 169.346, subd. 2a ("The owner or manager of the property on which the designated parking space is located must ensure that the parking space and associated access aisle are kept free of obstruction.").

Sixth, Alexander's vicarious-liability claim fails because it is not an independent cause of action. *See Remodeling Dimensions, Inc. v. Integrity Mut. Ins. Co.*, 819 N.W.2d 602, 615 (Minn. 2012) ("[A] principal can be vicariously liable to a third party for the conduct of its agent *only* if the agent would be liable to the third party for that act."). Because all of Alexander's other claims fail, the vicarious-liability claim also fails.

The district court did not err when it granted summary judgment for the apartment complex on all seven of Alexander's claims.

**Affirmed.**

---

[4] Alexander's negligent-infliction-of-emotional-distress claim also fails as a matter of law because Alexander's negligence claim fails. *Engler v. Ill. Farmers Ins. Co.*, 706 N.W.2d 764, 767 (Minn. 2005) ("To state a claim for NIED, a plaintiff must prove the four elements of a negligence claim, as well as three additional elements specific to NIED claims.").